### 2943. ATLANTIC COAST LINE RAILROAD CO. *v.* LOCKLEAR.

POWELL, J. 1. There is nothing in the evidence in the record to take the case out of the established rule that the verdict of the jury, approved by the trial judge, is conclusive as to all issues of fact.

2. The following charge of the court was not erroneous: "So that, if it has been shown in this case that the plaintiff was injured by the running of the locomotives, cars, or other machinery of this company, then a presumption would be raised against the company. This presumption may be rebutted by the defendant by making it appear, either from its own or from the plaintiff's testimony, that the injury was done by plaintiff's consent, or was caused by his own negligence; and the plaintiff can not recover if both parties were negligent, but the negligence of the plaintiff was equal to, or greater than, the defendant's, or if the injury was the result of accident unmixed with negligence on the part of either party." It is not subject to exception on the ground that it authorizes the plaintiff to recover if the injury was the result of accident, brought about by the negligence of himself.

3. The exception that the court charged the jury as to the duty of railway companies to erect "blow-posts" at public-road crossings is not well taken, as the only reference the court made to this duty was to tell the jury that it was not applicable to the present case; and this was favorable to the excepting party.

4. The injury having occurred at a street-crossing in a city, the following instruction to the jury was not erroneous: "If you should find, from

the evidence, that the engineer, as he approached Anderson street crossing, did not check and keep checking the speed of his locomotive, so as to stop in time should any person or thing be on the crossing, the defendant would be negligent as a matter of law." *East Tenn. Ry. Co.* v. *Markens*, 88 Ga. 60 (4), (13 S. E. 855, 14 L. R. A. 281).

5. The following instruction was not erroneous: "When those in charge of a railway train neglect to comply with the statutory precautions in approaching a highway, and a person on the crossing is struck and injured, the only defenses open to the company are that the injury was done by the consent of the person injured, or that by the observance of ordinary care he could have avoided the injury, or, in mitigation of damages, that his negligence contributed to it. When such injury occurs, the onus is upon the company to prove such fault is on the part of the injured person." The charge is certainly not subject to 'the exception that it expresses an opinion on the evidence, or intimates that those in charge of the railway train in question had neglected to comply with the statutory precautions.

6. The motion of the defendant in error to assess damages for delay is denied. While there is no reason for the grant of a new trial, still the verdict is not so manifestly correct as to exclude a bona fide insistence on the part of the plaintiff in error that a new trial should be granted.

*Judgment affirmed.*

DECIDED JUNE 7, 1911.

Action for damages; from city court of Savannah—Judge Davis Freeman. August 5, 1910.

*P. W. Meldrim, Shelby Myrick,* for plaintiff in error.

*Osborne & Lawrence,* contra.