## 32630. BEDGOOD *et al.* v. KARP'S U-DRIVE-IT CO.

SUTTON, C. J. This was an action in trover for $1125 for the conversion of a 1941 Dodge custom 4-door sedan, brought in the City Court of Savannah by Karp's U-Drive-It Company against R. J. Bedgood, individually, and trading as Bedgood Motors. It was alleged that the defendant purchased the automobile, the property of the plaintiff, from one James H. Herbert, on or about November 4, 1947, and then sold the automobile to a person unknown to the plaintiff. When the case was tried the defendant admitted liability, except as to the alleged value of the automobile. M. Karp testified that the automobile was purchased in June, 1946, for $1150; that it was in perfect condition; and that according to the "Red Book" of values on automobiles it was worth $1170 at the time of conversion, but that actually it was worth $1300 or $1400 on the Savannah market at the time. Johnny Gnaan, an employee of Karp, testified that the car was worth $1350 to $1400 at the time of conversion. Clarence Dasher, also an employee of Karp, testified that the automobile was in as good or better condition in November, 1947, than when he first saw it in December, 1946, and that Karp always kept his automobiles in good condition. The plaintiff also introduced documentary evidence showing that Herbert sold the automobile to Bedgood for $500, and that Bedgood sold the automobile to Outlaw Pontiac Company a few days thereafter. J. E. Waters, a former employee of the defendant, testified to the effect that automobiles in the rental business deteriorate rapidly, and that when Bedgood purchased the automobile it had a knock in it, caused by a loose flywheel shaking the rear-end bearing. J. A. Denmark, a witness for the defendant, testified that a rental automobile is worth only about 1/3 as much as a similar privately owned automobile. Carl Gemes, a witness for the defendant and a former employee, testified that the loan value of an automobile used for commercial purposes is about 25% less than a privately owned automobile used for pleasure; that "Red Book" values on automobiles are accurate; and that the value of automobiles was inflated in 1947. The defendant testified that when he bought the automobile the interior needed about $150 worth of repairs to make it clean. The jury returned a verdict for $1125, judgment was rendered accordingly, and the defendant moved for a new trial on the general grounds. The trial judge overruled the motion, to which judgment the defendant excepted. The defendant in error has moved that this court assess damages for delay under the provisions of Code § 6-1801.

1. In an action in trover for the value of personalty, the plaintiff, if entitled to recover, may recover the highest proved value between the time of conversion and trial. Code, § 107-103.

2. Where the evidence as to an issue was conflicting, the weighing of the evidence, as was necessary in this case to determine the highest proven value of the automobile between the time of conversion and trial, was a matter solely within the province of the jury, and since this was the only issue, a verdict for the plaintiff within the limits of this conflicting evidence was authorized.

3. Where the witnesses for the plaintiff testified that the automobile was worth up to $1400 at or about the time of conversion, and the evidence for the defendant tended to show that the value of the automobile was considerably less than the amount shown by the plaintiff's evidence, a verdict for $1125, which was well within the range of the plaintiff's evidence, was authorized, and it was not error for the trial judge to overrule the motion for a new trial based on the general grounds, the sole issue being whether or not the amount of the verdict was authorized by the evidence.

4. The motion of the defendant in error to assess damages for delay is denied. In this connection see: Code, § 6-1801; *Atlantic Coast Line R. Co.* v. *Locklear,* 9 *Ga. App.* 344 (6) (71 *S. E.* 683); *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186 (4) (91 *S. E.* 254).

*Judgment affirmed. Felton and Worrill, JJ., concur.*

DECIDED OCTOBER 7, 1949. REHEARING DENIED OCTOBER 21, 1949.

*Aaron Kravitch,* for plaintiff in error.
*Brannen, Clark & Hester,* contra.